

JESSICA L. BLOME
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone: (510) 900-9502
Email: jblome@greenfirelaw.com
www.greenfirelaw.com

April 14, 2023

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      RE:    Plaintiffs' Position on Supplemental Standing Briefing;
                *Farm Sanctuary, et al. v. USDA, et al.*, Case No. 6:19-cv-06910 EAW-MWP

Dear Judge Wolford:

      Plaintiffs thank the Court for the opportunity to provide their position as to whether supplemental briefing on standing is necessary in light of the Court's decision in *Farm Sanctuary, et al. v. USDA, et al.*, Case No. 6:20-cv-06081-EAW, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023) ("Downed Pigs Case"). *See* Dkt. No. 96. Plaintiffs' position is that no additional briefing is needed for the Court to find that Plaintiffs have standing to challenge Defendants' unlawful rulemaking.

      Plaintiffs do not believe supplemental briefing on standing would benefit the Court at this time for two reasons. First, as explained in Plaintiffs' Motion for Summary Judgment, Dkt. No. 86-1 at 16–18, the Court determined that Plaintiffs sufficiently alleged standing at the motion to dismiss stage, and Plaintiffs have satisfied their additional burden at the summary judgment stage through sworn declarations and undisputed facts that support their Article III standing to challenge the U.S. Department of Agriculture's ("USDA") final rule handing over significant pre-slaughter pig inspection duties to slaughterhouse employees. *See* AR100251; 84 Fed. Reg. 52,300 (Oct. 1, 2019) (the "Rule"). Second, the Downed Pigs Case has no bearing on the claims before the Court here because it involved meaningfully different agency action and, as a result, required a different standing analysis. Importantly, moreover, unlike in the Downed Pigs Case, Defendants have not disputed that Plaintiffs have standing here.

      To the first, in this case, the Court previously determined that Plaintiffs adequately alleged standing. Dkt. No. 50 at 16. Plaintiffs have since substantiated their standing with specific facts and sworn declarations to meet their burden at the summary judgment stage under Federal Rule of Civil Procedure 56. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("In response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere

allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. Rule Civ. P. 56(e), which for purposes of the summary judgment motion will be taken to be true.").

      Specifically, Plaintiffs have submitted sworn declarations demonstrating that the Rule directly injures Plaintiffs because it impairs their organizations' abilities to fulfill their missions, burdens their work, and forces them to divert resources to counteract these harms, causing economic injuries. Plaintiffs have additionally submitted declarations showing their members are harmed by the Rule's increased food safety risks and cited evidence in the Administrative Record linking food contamination risks to the Rule, thereby also supporting Plaintiffs' associational standing. The specific facts from these sworn declarations are undisputed. Plaintiffs have further shown that these injuries are traceable to Defendants' action and redressable by this Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Indeed, another district court has already held that similar organizational plaintiffs had standing at the summary judgment phase to challenge the very same portions of the Rule at issue here. *See Ctr. for Food Safety v. Perdue*, No. 20-CV-00256-JSW, 2022 WL 4793438, at *7 (N.D. Cal. Sept. 30, 2022) (plaintiffs "put forth sufficient evidence to establish Article III standing" by submitting member declarations and "cit[ing] evidence in the record linking contamination issues at plants operating under NSIS with foodborne illness").

      To the second, the claims at issue in this lawsuit meaningfully differ from those at issue in the Downed Pigs Case. In this case, Plaintiffs, whose identities differ from the plaintiffs in the Downed Pigs Case, challenge the agency's promulgation of a new rule, arguing that it violates the Federal Meat Inspection Act and Humane Methods of Slaughter Act because it delegates inspection duties to industry, and is arbitrary and capricious because the Rule runs counter to the record before the agency and departs from its longstanding position that it, not industry, must conduct ante-mortem inspections. In contrast, the plaintiffs in the Downed Pigs Case challenged (1) USDA's failure to comply with a congressional reporting requirement and (2) USDA's denial of a petition for rulemaking asking the agency to regulate slaughter of downed pigs. Here, Plaintiffs do not challenge a congressional reporting requirement, or the status quo perpetuated by the denial of a petition for rulemaking; they challenge *affirmative* action by the agency that will have vast impacts on slaughter regulation and the food system and that has already injured Plaintiffs and their members. Thus, the Court's rulings in the Downed Pigs Case on informational standing and harms from perpetuation of the status quo have no bearing on standing in the present matter.

      Accordingly, Plaintiffs respectfully request that the Court find that they have standing and rule on the merits of the parties' Cross-Motions for Summary Judgment without supplemental briefing. Should the Court require additional briefing on standing, Plaintiffs are happy to provide it and request the opportunity to meet and confer with Defendants on a briefing schedule.

Sincerely,

*Jessica L. Blome*

Jessica L. Blome
Greenfire Law, PC